**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TAYLOR MOORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:25-CV-03572** |
| | § | |
| **AIR TECHS OF HOUSTON LLC D/B/A AIR TECH OF HOUSTON AC & PLUMBING LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant Air Techs of Houston LLC d/b/a Air Tech of Houston AC & Plumbing LLC("Defendant") files its Answer and Affirmative Defenses to Plaintiff Taylor Moore's ("Plaintiff") Complaint for Damages and states as follows:

1. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

2. Admit.

3. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

4. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

5. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

6. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

7. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

8. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

9. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

10. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

11. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

12. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

13. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

14. Admit.

15. Admit only that Plaintiff was hired on March 9, 2020, otherwise denied.

16. Admit.

17. Admit.

18. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

19. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

20. Admit only that Plaintiff worked in sales, otherwise denied.

21. Admit.

22. Admit only that Jacob Alexader was at one point a General Manager, otherwise denied.

23. Denied.

24. Denied.

25. Denied.

26. Admit only that Plaintiff was required to provide a basis for why she was entitled to certain commissions, otherwise denied.

27. Admit only that Plaintiff was the only employee responsible for follow-up sales, otherwise denied.

28. Admit only that Plaintiff was the only employee responsible for follow-up sales, otherwise denied.

29. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admit only that there were discussions regarding Plaintiff's commission compensation, otherwise denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant is without sufficient information to admit or deny this request and therefore denies as this time.

42. Admit only that Joey Ruoho was an employee, otherwise denied.

43. Admit.

44. Defendant objects to this request as it assumes facts and is therefore denied.

45. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

46. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

47. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

48. Denied.

49. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

50. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

51. Denied.

52. Admit.

53. Denied.

54. Denied.

55. Denied.

56. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

57. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

58. Denied.

59. Admit.

60. Defendant objects to this request as it assumes facts and is therefore denied.

61. Defendant objects to this request as it assumes facts and is therefore denied.

62. Defendant objects to this request as it assumes facts and is therefore denied.

63. Denied.

64. Admit only that Hernandez was an employee, otherwise denied.

65. Denied.

66. Denied.

67. Denied.

68. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

69. Defendant objects to this request as it assumes facts and is therefore denied.

70. Defendant objects to this request as it assumes facts and is therefore denied.

71. Denied.

72. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

73. Denied.

74. Admit only that Plaintiff complained about Hernandez, otherwise denied.

75. Admit only that Plaintiff complained about Hernandez, otherwise denied.

76. Denied.

77. Denied.

78. Admit only that Plaintiff was offered the option to work out of another office, otherwise denied.

79. Admit only that Plaintiff moved, otherwise denied.

80. Denied.

81. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

82. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

83. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

84. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

85. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

86. Admit only that some of Plaintiff's property was discarded, otherwise denied.

87. Admit only that Elliot did not replace the property, otherwise denied..

88. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

89. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

90. Admit only that there were instances where calls were transferred to Plaintiff, otherwise denied.

91. Denied.

92. Denied.

93. Denied.

94. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

95. Denied.

96. Denied.

97. Defendant is without sufficient information to admit or deny this request and therefore denies at this time.

98. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

99. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

100. This paragraph is no longer applicable because Plaintiff's Americans with Disabilities Act ("ADA") claim has been dismissed.

101. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

102. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

103. Denied.

104. Defendant objects to this request as it assumes facts and is therefore denied.

105. Defendant objects to this request as it assumes facts and is therefore denied.

106. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

107. Admit.

108. Admit.

109. Admit.

110. Admit.

111. Denied.

112. Denied.

113. Admit.

114. Defendant objects to this request as it requires speculation. To the extent a response is required, denied.

115. Defendant objects to this request as it requires speculation. To the extent a response is required, denied.

116. Defendant objects to this request as it requires speculation. To the extent a response is required, denied.

117. Defendant objects to this request as it requires speculation. To the extent a response is required, denied.

118. Defendant objects to this request as it requires speculation. To the extent a response is required, denied.

119. Defendant objects to this request as it requires speculation. To the extent a response is required, denied.

120. Defendant objects to this request as it assumes facts and is therefore denied.

121. Defendant objects to this request as it assumes facts and is therefore denied.

122. Defendant objects to this request as it assumes facts and is therefore denied.

123. Defendant objects to this request as it assumes facts and is therefore denied.

124. Defendant objects to this request as it assumes facts and is therefore denied.

125. Defendant objects to this request as it assumes facts and is therefore denied.

126. Defendant objects to this request as it assumes facts and is therefore denied.

127. Defendant objects to this request as it assumes facts and is therefore denied.

128. Defendant objects to this request as it assumes facts and is therefore denied.

129. Defendant objects to this request as it assumes facts and is therefore denied.

130. Admit only that Moore's position was terminated because of a reduction in force, otherwise denied.

131. Denied.

132. Admit only that Moore's position was terminated because of a reduction in force, otherwise denied.

133. Denied.

134. Denied.

135. Admit.

136. Admit only that Moore did her job up until termination, otherwise denied.

137. Admit only that Moore's position was terminated because of a reduction in force, otherwise denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Defendant reasserts its responses to the foregoing paragraphs as if fully set forth below.

144. This paragraph calls for a legal conclusion to which no response is required.

145. This paragraph calls for a legal conclusion to which no response is required.

146. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

147. Denied.

148. Denied.

149. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

150. Denied.

151. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

152. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

153. Defendant reasserts its responses to the foregoing paragraphs as if fully set forth below.

154. Admit.

155. Defendant reasserts its responses to the foregoing paragraphs as if fully set forth below.

156. Denied

157. Denied.

158. Denied.

159. Denied.

160. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

161. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

162. Denied.

163. Defendant reasserts its responses to the foregoing paragraphs as if fully set forth below.

164. Admit.

165. Defendant reasserts its responses to the foregoing paragraphs as if fully set forth below.

166. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

167. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

168. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

169. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

170. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

171. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

172. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, denied.

173. Denied.

174. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

175. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

176. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

177. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

178. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

179. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

180. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

181. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

182. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

183. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

184. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

185. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

186. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

187. This paragraph is no longer applicable because Plaintiff's ADA claim has been dismissed.

188. Defendant reasserts its responses to the foregoing paragraphs as if fully set forth below.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

The Demand for Relief contains numerous claims for damages – Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSE**

Pleading further and in the alternative, if necessary, the Defendant asserts the following affirmative defenses to Plaintiff's claims:

1. Plaintiff's claims are barred, in whole or in part, by the affirmative defense of failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the affirmative defense of Plaintiffs' damages, if any, were caused by third parties Defendant had no control over.

3. Plaintiff's claims are barred, in whole or in part, by the affirmative defense of wavier, estoppel, and laches.

4. Plaintiff's claims are barred, in whole or in part, by the affirmative defense of Plaintiff was terminated for a lawful reason.

5. Plaintiff's claims are barred, in whole or in part, by the affirmative defense of Defendant asserts the defense of mixed motive.

6. Plaintiff's claims are barred, in whole or in part, by the affirmative defense of statue of limitations and/or failure to exhaust administrative remedies.

**PRAYER**

For these reasons, Defendant asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

DATED: March 18, 2026.

Respectfully Submitted,

*/s/ Robert K. Radcliff*

ROBERT K. RADCLIFF
State Bar No. 24011170
SETI TESEFAY
State Bar No. 24117130

**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone: (214) 865-6130
Facsimile: (214) 865-6140
Email: rradcliff@weinrad.com
stesefay@weinrad.com

**ATTORNEYS FOR DEFENDANT**